UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IRINA IAGUDINA                                              DOCKET NO. 6:25-cv-1659

VERSUS                                                      JUDGE JAMES D. CAIN, JR.

KRISTI NOEM, ET AL                                          MAGISTRATE JUDGE DAVID J. AYO

## REPORT AND RECOMMENDATION

Before the court is a PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 by *pro se* petitioner Irina Iagudina on October 31, 2025. Rec. Doc. 1. At the time of filing, Iagudina was in custody at the South Louisiana ICE Processing Center in Basile, Louisiana ("SLIPC"). Petitioner has since been removed or released from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

### I.  BACKGROUND

Iagudina, a native and citizen of Russia, filed the instant petition through which she sought the issuance of a writ of habeas corpus directing her release from SLIPC. While this matter was pending, Iagudina was released from custody. *See* Online Detainee Locator System search results, https://locator.ice.gov/odls/#/results.

### II. LAW & APPLICATION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no

longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted).

"[T]o be eligible for habeas relief [under 28 U.S.C. § 2241], a petitioner must be 'in custody' and must have exhausted his available state remedies." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969)).  A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Id.* at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)); *see also Kokoski v. Fox,* 2012 WL 4321717, at *3 (E.D. Tex. Aug. 6, 2012) ("A case may become moot when an 'intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome.'") (quoting *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998)).

Iagudina only challenged the lawfulness of her continued detention. Because the Online Detainee Locator System results show that she is no longer detained and has either been removed from the United States or released from custody, the Section 2241 petition is moot. *See Francis v. Lynch,* 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of

detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). It should therefore be dismissed.

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 filed by Irina Iagudina (Rec. Doc. 1) should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 27th day of December, 2025.

_____
David J. Ayo
United States Magistrate Judge